# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# COVINGTON DIVISION

| | |
|---|---|
| **DAVID HOLLIMAN,** ) | CASE NO. |
| ) | |
| 213 W. 34TH STREET ) | |
| ) | |
| COVINGTON, KY 41015 ) | JUDGE |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| ) | |
| ) | |
| ) | **COMPLAINT WITH JURY** |
| ) | **DEMAND** |
| V. ) | |
| ) | |
| **STEVE STANTON,** ) | |
| ) | |
|     10148 Lapalco Ct. ) | |
|     Union, KY 41091 ) | |
| ) | |
| And ) | |
| ) | |
| **STANTON HOMES, LLC.** ) | |
| ) | |
| Registered Agent:   Steve Stanton ) | |
|                     10148 Lapalco Ct. ) | |
|                     Union, KY 41091 ) | |
| ) | |
| And ) | |
| ) | |
| **ZACHARY STAYTON, in his individual** ) | |
| **capacity as a Covington, Kentucky Police** ) | |
| **Officer** ) | |
| ) | |
|     3130 Bridlerun Drive | |
|     Independence, KY 41051 | |
| | |
| **DEFENDANTS.** | |

1

Comes Plaintiff, David Holliman, by and through counsel and for his Complaint with Jury Demand states as follows:

## PARTIES

1. Plaintiff David Holliman was a tenant of Defendant Stanton Homes at the "Premises" located at 213 W 34th St., Covington, Kentucky 41015 ("the Premises") during all times relevant.

2. Defendant Steve Stanton and or Defendant Stanton Homes, LLC owns the Premises. Upon information and belief, Defendant Stanton at 10148 Lapalco Court, Union, Boone County, KY 41091. He is engaged in commerce as the operating member of Defendant Stanton Homes, which leases dwelling units in Covington, Kentucky, including the Premises.

3. Defendant Stanton Homes, LLC is a limited liability company registered to do business in the Commonwealth of Kentucky with its principal office at 10148 Lapalco Ct., Union, Boone County, Kentucky 41091.

4. Defendant Zachary Stayton was at all times a police officer for the Covington Police Department and was acting under color of law.

## JURISDICTION AND VENUE

5. Plaintiff adopts, incorporates, and reiterates all previous paragraphs as if fully restated herein.

6. This action is brought to redress grievances protected by the United States Constitution, 42 U.S.C. §§ 1983 and 1988, secured by the Fourth, First, and Fourteenth Amendments to the Constitution, and state law claims under the Constitution and laws of the Commonwealth of Kentucky. This Court has jurisdiction over these matters under 28 U.S.C. § 1331, and 28 U.S.C. § 1343. This Court has supplemental jurisdiction of the State law claims for

2

battery and intentional infliction of emotional distress, and various other common and state law claims, under 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction.

7. This Court is the proper venue for this matter under 28 U.S.C. § 1391, because all of the events giving rise to this action took place within this judicial district in Covington, Kentucky, Kenton County

## STATEMENT OF FACTS

8. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

9. Plaintiff Holliman and Defendant Stanton Homes, LLC and/or Defendant Stanton entered into a lease agreement regarding the Premises.

10. On or about June 2020, the term of the lease agreement expired, and Plaintiff Holliman and Defendant Stanton Homes entered into a new, "month-to-month" rental agreement for the Premises.

11. On or about December 2022, the furnace on the Premises stopped functioning, causing freezing temperatures and burst pipes.

12. Plaintiff Holliman notified Defendants of this issue, but Defendants took no steps to remedy the situation.

13. Plaintiff Holliman and his family were forced to leave the Premises and move into a hotel as a result of the conditions.

14. On April 1, 2023, Plaintiff Holliman and his family began moving out of the Premises. He told Defendant Stanton that he would finish moving out after a final inspection was done, so that he could recover his security deposit.

15. Defendant Stanton refused to conduct a proper walk-through and return the deposit.

16. Instead, On April 6, 2023, Defendant put a notice on the door ordering Plaintiff Holliman to leave the Premises within fifty-eight (58) days.

17. Defendant Stanton kicked in the door to the Premises and accused Plaintiff Holliman of the damage, saying that he needed to fix it.

18. Defendant Stanton then attempted to change the locks and began claiming that Plaintiff Holliman had abandoned the Premises.

19. Plaintiff Holliman called the police to report the destruction of his property.

20. Plaintiff Holliman attempted to retrieve some items from the Premises.

21. Defendant Stanton falsely told the responding officers that "[Plaintiff Holliman's] been drinking; when he gets in the car, y'all can get him on drunk driving." On Defendant Stanton's word alone, the officers arrested Plaintiff Holliman for alcohol intoxication. He was taken to Kenton County Detention Center ("KCDC") and booked.

22. Throughout the

23. Despite repeated requests to take a sobriety test, both at the Premises and at KCDC, Plaintiff Holliman was never tested.

24. As a result of this, Plaintiff Holliman was held in KCDC for 8 hours.

25. The police remained present at the scene while Defendant Stanton changed the locks to the Premises.

26. Later that evening, the police returned to the Premises where Plaintiff Holliman's wife explained the terms of the rental agreement to them, and they took down a criminal complaint against Defendant Stanton for his harassment and destruction of property.

27. The rental agreement between Plaintiff Holliman and Defendant Stanton Homes was terminated and Plaintiff Holliman moved to a new residence.

28. On or about April 8, 2023, Defendant Stanton texted Plaintiff Holliman, saying that he knew where Plaintiff Holliman now lived.

29. Later that same day, Defendant Stanton publicly posted Plaintiff Holliman's address online.

30. Defendant Stanton has continued to make harassing and disparaging comments about Plaintiff Holliman and his family online.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF FOURTH AMENDMENT RIGHTS
### (42 U.S.C. § 1983- Against Defendant Stayton)

31. Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

32. Plaintiff has a constitutionally protected right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures by state actors.

33. Defendant Stayton, acting under color of law, arrested Plaintiff without probable cause for alcohol intoxication despite the lack of any indication that Plaintiff was intoxicated.

34. Plaintiff was told by Defendant Stayton that he would not be allowed back into the house, except to the extent that he could collect his belongings.

35. Plaintiff continued to speak to Defendant Stayton and other officers while collecting his property from the premises.

36. During that process Plaintiff was told that the officers were only there to make sure there was no violence.

37. Defendant Stayton arrested Plaintiff for alcohol intoxication despite Plaintiff showing no signs of intoxication or being a danger to himself in any way.

38. Defendant's conduct was a violation of Plaintiff's right not to be subjected to unreasonable search and seizure under the 4th, and 14th Amendments to the United States Constitution in violation of the Civil Rights Act of 1871, 42 U.S.C. §1983.

39. As a result of his arrest, Plaintiff was held in jail and forced to defend himself against the charges, which were dismissed in Plaintiff's favor.

## COUNT II
## FIRST AMENDMENT RETALIATION
## (42 U.S.C. § 1983- Against Defendant Stayton)

40. Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

41. Making a statement regarding a persons displeasure with an officer is a protected activity under the First Amendment of the United States Constitution.

42. Upon information and belief, Defendant Stayton arrested Plaintiff for his continued speech regarding his treatment by the officers and Defendant Stanton.

43. Defendant Stayton had no probable cause to believe that Plaintiff was intoxicated at the time that he was arrested.

44. Plaintiff spoke clearly, was performing complex tasks, and was demonstrably cognizant of the front steps and traffic as he loaded property into his vehicle.

45. Defendant Stayton conduct was such that any person making a similar statement would dissuade or chill any reasonable person with continuing such activity.

46. Defendant's conduct was a violation of Plaintiff's right not to be subjected to unreasonable search and seizure under the 1st, and 14th Amendments to the United States Constitution in violation of the Civil Rights Act of 1871, 42 U.S.C. §1983.

**COUNT III**
**MALICIOUS PROSECUTION**
**(42 U.S.C. § 1983- Against Defendant Stayton)**

47. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

48. Pursuant to the events alleged above, Plaintiff was charged with criminal alcohol intoxication in a public space.

49. This charge was issued against Plaintiff by Defendant Officer Zachary Stayton of the Covington Police Department.

50. Plaintiff's charge was dismissed with prejudice on June 12, 2023.

51. This charge was issued with malice and was not a issued based on probable cause.

52. As a result of Officer Stayton's actions, Plaintiff was forced to hire attorney to defend himself against this charge.

53. Defendant's conduct was a violation of Plaintiff's right not to be subjected to unreasonable search and seizure under the 4th, and 14th Amendments to the United States Constitution in violation of the Civil Rights Act of 1871, 42 U.S.C. §1983.

54. Plaintiff suffered monetary and emotional damages as a result of his detention.

**COUNT IV- VIOLATIONS OF THE UNIFORM**
**RESIDENTIAL LANDLORD TENANT ACT**
**FAILURE TO MAINTAIN AND UNLAWFUL OUSTER**
**(Against Defendants Stanton and Stanton Homes, LLC)**

55. Plaintiffs incorporate by reference each and every allegation in the paragraphs above.

56. Prior to the occurrence of all alleged events, the City of Covington adopted the Uniform Residential Landlord and Tenant Act ("URLTA"). K.R.S. § 383.500, *et seq.*.

57. URLTA requires a landlord to maintain in good and safe working order all electrical, plumbing, heating, ventilation, appliances supplied by the landlord. K.R.S. § 383.595(1)(d).

58. In or around December 2022, the furnace within the Premises stopped working, leaving the Premises without heat.

59. Plaintiff Holliman put Defendants on notice of this issue in December 2022, but Defendants never fixed the issue.

60. As a direct and proximate result of Defendants' failure to restore heat, Plaintiff Holliman and his family were forced to endure below-freezing temperatures while in the Premises and eventually were forced to relocate at their expense.

61. Because Defendants failed to comply with the maintenance obligations imposed by URLTA, Plaintiff Holliman is entitled to recovery for the physical and financial damages he suffered as a result. K.R.S. § 383.625(2).

62. Plaintiff Holliman now asks that this Court award him the relief which he is entitled to under Kentucky state law.

63. URLTA provides that a landlord may not "unlawfully remove or exclude a tenant from the premises or willfully diminish services to the tenant by interrupting or causing the interruption of heat, running water, hot water, electric, gas, or other essential service" required to be supplied by the landlord. K.R.S. § 383.655.

64. Defendants were on notice that essential services were interrupted in December 2022.

65. This interruption caused Plaintiff Holliman to seek temporary housing.

66. Plaintiff Holliman sought to move his family out of the Premises but wanted his security deposit back.

67. Defendants refused to return any of the security deposit.

68. During all relevant times, Plaintiff Holliman's rent was paid through June 2023.

69. While Plaintiff Holliman was not present at the Premises, Defendant Stanton entered the premises to change the locks.

70. Plaintiff Holliman was not able to access the Premises after that day.

71. Plaintiff Holliman had two more months of his rent prepaid at the time that this happened and thus had a lawful right to occupy the Premises.

72. Because Plaintiff Holliman's right to occupy the Premises was wrongfully restricted, he is entitled to recover "an amount not more than three (3) months periodic rent and a reasonable attorney's fee." Because the rental agreement was terminated, Plaintiff Holliman is further entitled to the return of "all prepaid rent." K.R.S. § 383.655.

73. Plaintiff Holliman now asks that this Court award him the relief which he is entitled to under Kentucky state law.

### COUNT V- VIOLATIONS OF THE UNIFORM RESIDENTIAL LANDLORD TENANT ACT RETALIATION
### (Against Defendants Stanton and Stanton Homes, LLC)

74. Under URLTA, "(1) A landlord may not retaliate by bringing or threatening to bring an action for possession after (b) the tenant has complained to the landlord of a violation under KRS § 383.595. (2) If Landlord violated (1), then tenant is entitled to relief under KRS § 383.655." K.R.S. § 383.705(1-2).

75. K.R.S. § 383.595(1)(d) provides that "[a] landlord shall [. . .] [m]aintain in good and safe working order and condition all electrical, plumbing, sanitary, *heating*, ventilating, air-

conditioning, and other facilities and appliances, including elevators, supplied or required to be supplied by him.

76. On or about December 2022, the Premises' furnace (a heating appliance) stopped working.

77. By not maintaining the furnace in good and safe working order, Defendants violated K.R.S. § 383.595(1)(d).

78. In December 2022, Plaintiff Holliman complained to Defendants about this violation.

79. "Evidence of a complaint within one (1) year before the alleged act of retaliation creates a presumption that the landlord's conduct was in retaliation." K.R.S. § 383.705(2).

80. Because Plaintiff Holliman complained about the broken furnace less than a year before Defendants took action to evict him, it is presumed that Defendants acted in retaliation of the complaint.

81. This retaliation was a violation of K.R.S. § 383.705(1).

82. Pursuant to K.R.S. § 383.705(2), Plaintiff is entitled to relief under K.R.S. § 383.655.

83. Under K.R.S. § 383.655, a plaintiff who has been wrongfully removed from the premises or subjected to diminished services can "recover an amount not more than three (3) months periodic rent and a reasonable attorney's fee. If the rental agreement is terminated, the landlord shall return all prepaid rent."

84. Plaintiff Holliman now asks that this Court award him the relief which he is entitled to under Kentucky state law.

**COUNT VI**
**VIOLATION OF PROCEDURAL DUE PROCESS**

## AND FORTH AMENDMENT SEIZURE
### (42 U.S.C. § 1983 against Defendant Stayton)

85. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

86. Defendant Stayton ordered Plaintiff to remove his property from the Premises and limited his ability to possess the premises.

87. Defendant Stayton's evicted Plaintiff from the premises without any predeprivation due process and without any order of a court.

88. No exigent circumstances were present which would otherwise have allowed eviction without a predeprivation hearing.

89. Defendant's conduct was a violation of Plaintiff's right to Procedural Due Process under the 14th Amendment and right to be free from unreasonable seizure under the 4th and 14th Amendments to the United States Constitution in violation of the Civil Rights Act of 1871, 42 U.S.C. §1983.

90. As a result of the foregoing, Plaintiff experienced unnecessary pain and suffering and severe and unjustified mental and emotional distress for which Plaintiffs are entitled to recover actual damages.

91. Furthermore, Defendants' violations of the Plaintiff's rights were knowing, intentional, reckless, cruel and malicious, entitling Plaintiff to recover punitive damages from Defendants in order to deter such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff having set forth his claim herein, pray as follows:

1. In an amount in excess of the jurisdictional limits of this Court for the personal injuries, compensatory and punitive damages, and other damages of Plaintiff as outlined above.

2. For interest on all sums so awarded at the legal rate from and after the date of the injuries and after judgment.

3. For attorneys' fees, and costs expended herein

4. For any and all other just and proper relief to which the proof may show him entitled.

5. For trial by jury on all issues so triable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Respectfully submitted,
**/s/ Christopher D. Roach**
CHRISTOPHER D. ROACH (KY 95007)
BENJAMIN T.D. PUGH (KY 94032) (OH 0086781)
PUGH & ROACH, ATTORNEYS AT LAW, PLLC
28 West Fifth Street
Covington, KY 41011
Tel: (859) 291-5555
Fax: (859) 287-2600
Email: tom@prlaw.legal; chris@prlaw.legal
ATTORNEYS FOR PLAINTIFFS